In the United States District Court
For the Western District of Michigan

Jermaine Patten., #227914.,

**FILED - KZ**
August 9, 2022 11:04 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: JW /8-9

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

**2:22-cv-162**
**Maarten Vermaat**
**U.S. Magistrate Judge**

v.

Erica Huss  (Warden)        complaint & Jury Demand

Danielle Carlson  (Registered Nurse)

Brenda James  (Registered Nurse)

(Enter above the full name of the defendant or defendants in this action.)

## COMPLAINT

I.    **Previous Lawsuits**

**CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the required $350 filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $350 filing fee regardless whether your complaint is dismissed.**

A.    Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?    Yes ☐ No ☒

B.    If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.    Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

2.    Is the action still pending?    Yes ☐ No ☐

a.    If your answer was no, state precisely how the action was resolved: _____

3.    Did you appeal the decision?    Yes ☐  No ☐

4.    Is the appeal still pending?    Yes ☐  No ☐

a.    If not pending, what was the decision on appeal? _____

5.    Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?    Yes ☐  No ☐

If so, explain: _____

(Last Revised: January 2007)
American LegalNet, Inc.
www.FormsWorkflow.com

II.   **Place of Present Confinement**  Brooks correctional facility

If the place of present confinement is not the place you were confined when occurrence that is subject of instant lawsuit arose, also list the place you were confined: _____

III.   **Parties**

In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.   Name of Plaintiff   Jermaine Patten

Address   2500 s. sheridan road, muskegon, mi 49444

In Item B below, place the full name of the defendant in the first blank, his or her official position in the second blank and his or her place of employment in the third blank. Use Item C for the names, positions and place of employment of all additional defendants. Attach extra sheets as necessary. **State whether you are suing each defendant in an official or personal capacity.**

B.   Defendant Erica Huss   is employed as Warden

at   Marquette branch prison

C.   Additional Defendants   Danielle Carlson   (Registered Nurse)

Brenda James   (Registered Nurse)

Defendants are being sued in both their individual and official

capacities:

IV.   **Statement of Claim**

State here, as briefly as possible, the **facts** of your case. Describe how each defendant is personally involved. Include also, the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

Plaintiff Patten claims that Defendant Huss exposed this Plaintiff to the

covid-19 virus, by placing positive inmates with the virus in segregation

while Plaintiff was negative inside of segregation. Defendants Carlson and

James exposed me to the covid virus, by having this Plaintiff transferred

-2-

American LegalNet, Inc.
www.FormsWorkflow.com

to a covid segregation unit. knowing this Plaintiff was negative for the

covid-19 virus. in violation of the eighth amendment to the united states

constitution. Plaintiff Patten claims that Defendants Carlson and James

violated the first amendment to the united states constitution.

by engaging in retaliatory conduct against me for making verbal complaints,

and for filing grievances against healthcare.

(continue on attachments)...

American LegalNet, Inc.
www.FormsWorkflow.com

STATEMENT OF FACTS:

1). Inmate Jermaine Patten who at all times relevant is an inmate within the michigan department of correction.

2). at all times relevant this inmate was housed at the marquette branch prison, and shall be referred hereinafter as "Plaintiff Patten."

3). around september 22, 2020, this Plaintiff was confined to administrative segregation in wake of a prisoner on prisoner fight.

4). the same day Plaintiff was sent to the emergency room for a dislocated finger. the examining doctor scheduled an appointment with a hand specialist for september 27, 2020.

5). Plaintiff's finger was placed in a finger brace by the examining doctor and instructed that the brace be changed every two (2) day's.

6). Transportation informed the healthcare staff at marquette branch prison of the examining doctor's orders.

7). however, a few weeks went by without any healthcare staff changing the brace. which prompted this Plaintiff to write multiple healthcare kites these kites went mostly ignored.

8). in november of 2020, Plaintiff filed a grievance complaining about the lack of healthcare treatment, with regards to the finger brace being properly changed, per the examining doctor's orders.
[see grievance identifier number: MBP/2020/12/1885/12D1 attached under appendix (A)]

9). in between the time periods of september and november of 2020. this Plaintiff wrote healthcare kites and spoke with two (2) registered nurses, pertaining to Plaintiff's blood pressure medication. as this matter went unattended, Plaintiff was forced to write another grievance relating to being without my blood pressure medication. [see grievance identifier number: MBP/2020/11/1638/12F1 attached under appendix (B)]. notably, the respondent for each of these grievances was supervisor nurse Danielle Carlson, who shall be referred to hereinafter as "Defendant Carlson."

10). while these grievances were pending, in the months of september through november of 2020, the covid-19 virus hit the marquette branch prison facility.

11). as a consequences mass testing was performed, which started september 17, 2020. Plaintiff was confined in administrative segregation two days prior to the second mass testing.

12). being concerned Plaintiff spoke with the warden during her round in ad.-seg. warden Erica Huss shall be referred to hereinafter as "DEFENDANT Huss.'

13). Plaintiff asked Defendant Huss, "what is the plan for people who tests positive for the covid virus."

14). Defendant Huss stated, "well, Per DOM, inmates who test positive for the covid virus, shall be transferred downstate."

15). Plaintiff responded, "I have not heard of or seen any DOM, what are you referring too."

16). Defendant Huss, stated before walking off, "the current one DOM-2020-30R4 a copy of which can be obtained through your law library."

17). Plaintiff claims that a copy of this DOM was obtained through the law library.

18). Plaintiff claims that under this DOM section Quarantine andcare of sick prisoners it reads in part... "prisoners who test positive will be transferred to one of the departments. designated Quarantine units at either G. robert cotton correctional facility, carson city correctional facility or the former maxey annex... near woodland correctional facility...

19). despite the statements of Defendants Huss and the instructions of the DOM. on or about october 6, 2020 two (2) inmates (heart #825562 and carter #975708) were placed in the segregation unit "F" block.

20). Plaintiff claims that prior to these inmates being placed in ad.-seg. Plaintiff showed no signs of having the covid-19 virus.

21). Plaintiff claims in just a few day's, Plaintiff started exhibiting symptoms such as body shake, cool chills, difficulty breathing, and days of diarrhea. Plaintiff suffered severe headaches, along with chest pains.

22). Plaintiff claims that everyday was a fight for my life. Plaintiff was forced to contemplate death, as I thought that I would die from having contracted this virus.

23). while sick with this virus, Iagain spoke with Defendant Huss during her unit round. notably Defendant Huss was wearing full body PPE gear.

24). Plaintiff stated, "why were inmates placed in ad.-seg. who were positive with the covid virus."

25). Defendant Huss stated, "well they were placed on thye the backside of this unit.

26). Plaintiff replied, "Warden we all share the same air meaning ventilationsystem, this is an air borne virus."

- 5 -

27).  Plaintiff claims that Defendant Huss stairred at me as if Iwas saying
      was contrary to reality.

28).  Defendant then stated, "Mr. Patten we are all trying to get through
      these difficulty times."

29).  Defendant Huss, Plaintiff claims put her head down and continued her
      rounds.

30).  as I was to weak to yell, or ask for anything, Plaintiff was forced
      to lay down and pray for a recovery.

31).  as the day's went on, Plaintiff was able to file a grievance complain-
      ing about being exposed to this air borne virus. [see grievance iden-
      tifier number: MRP/2020/12/1895/27B attached under appendix (C)]

32).  after filing that grievance a few weeks later, Plaintiff was released
      from administrative segregation, to general population. however, the
      handling of the covid virus by MRP'S staff continued.

33).  meanwhile, Plaintiff's grievance pertaining to my blood pressure
      medication was appealed to step 2. [see again grievance under appen-
      dix (B)] referenced in paragraph 9 of this complaint].

34).  that grievance was answered on or around march 13, 2021, shortly aft-
      er this Plaintiff was again placed in segregation. but this time at
      the request of healthcare.

35).  as april 8, 2021 MRP'S healthcare staff had me removed out of general
      population to "C" block which was a segregation unit. with an open
      bar setting, which also uses a central ventilation system.

36).  they claimed without providing any proof that I was positive for the
      covid-19 virus again. Defendant Carlson along with Brenda James who
      shall be referred to hereinafter as "Defendant James."

37).  they both came and retested me on april 9, 2021.

38).  Defendant James asked Defendant Carlson, "is this the one who keeps
      complaining and filing grievances on us?"

39).  Defendant Carlson stated, "yes he is the one."

40).  Plaintiff asked both Defendant Carlson and Defendant James, "so this
      is why you guys had me placed in segregation?"

41).  Defendant James stated, "you had to been sick writing all those
      grievances what did you expect was going to happen sir."

42).  Plaintiff stated, "I expect to be treated like anothe inmate." I only
      wanted my finger brace changed, and my blood pressure medication."

43). Defendant Carlson stated, "well the only thing we want is to not having people complain and write grievances on us at healthcare, our jobs are hard enough."

44). Plaintiff response was "do you guys understand that this unit is full of sick patients with the covid virus." so I'm being directly exposed again because of grievances?"

45). Defendant james stated quickly, "you know what is amazing to me, you guys complain, write grievances this affects our lives." so what is the difference?"

46). Defendant Carlson stated, "maybe you should think about that the next time you decide to complain and write grievances," you make our lives hard, we can make your life hard."

47). Plaintiff stated, "UNBELIEVABLE," this is unbelievable," you guys is trying to kill me!"

48). the test results done by Defendants Carlson and James came back on April 12, 2021, as negative fot the covid-19 virus. however, Plaintiff still sat in segregation around positive inmates for the covid virus.

49). on April 16, 2021, before being transferred to a different unit, Plaintiff explained and showed the negative test result to a sgt./- Lt. stated that healthcare never reported the negative test results.

50). on April 19, 2021, Plaintiff filed a grievance detailing how healthcare exposed me to the covid virus [see grievance identifier number: MBP/2021/04/0425/28B attached under appendix (D)]

CAUSE OF ACTION (I)
EIGHTH AMENDMENT CONSTITUTIONAL VIOLATION
"DELIBERATE INDIFFERENCE"

A) OBJECTIVE COMPONENT:

51). Plaintiff Patten claims that the covid-19 virus posses a significant risk to this Plaintiff's health.

52). Plaintiff-Patten claims that the threat of the covid-19 virus is widely known.

B) SUBJECTIVE COMPONENT:

53). Plaintiff claims that the Defendants that is Huss, Carlson, and James knew or should have known that placing positive inmate with the covid-19 virus around Plaintiff was directly exposing this to me to the deadly virus.

54). Plaintiff claims that the Defendants that is Huss, Carlson, and James were aware of the seriousness of the covid-19 virus, as the risk is obvious.

55).   Plaintiff claims that the Defendants that is Huss, Carlson, and
       James disregarded the seriousness of the covid-19 virus.

56).   Plaintiff claims that Defendant Huss did not respond reasonably, as
       Defendant Huss transferred in F-block inmates who were positive with
       covid-19, while this Plaintiff was negative for the virus.

57).   Plaintiff claims that Defendant Huss did not respond reasonably, as
       Defendant Huss did not follow the DOM 2020-30R4.

58).   Plaintiff claims that Defendants Carlson, and James did not respond
       reasonably as Defendants Carlson, and James had the Plaintiff trans-
       ferred to segregation where positive inmates for covid were being
       housed, while this Plaintiff was negative for the virus.

         CAUSE OF ACTION (II)
FIRST AMENDMENT CONSTITUTIONAL VIOLATION
         "RETALIATION"

A) PROTECT CONDUCT:

59).   Plaintiff claims that I was engaged in protected conduct when making
       verbal complaints, and when filing grievances.

B) ADVERSE ACTION:

60).   Plaintiff claims that the Defendants that is Carlson, and James took
       adverse actions against this Plaintiff, by having this Plaintiff
       held in segregation under false positive test. knowing that the test
       was false. as alleged and reincorporated by reference in paragraph
       [35 through 47]

C) PROXIMITY:

61).   Plaintiff claims that the Defendants that is Carlson, and James
       actions were done in direct relation, and in response to this Plain-
       tiff making verbal complaints, and for filing grievances, as inferred
       and alleged and reincorporated by reference in paragraphs [36 through
       46 & 48 through 49]

## V. Relief

State briefly and precisely what you want the court to do for you.

WHEREFORE, Plaintiff Patten respectfully requests that this court enter

judgement. (62)., Granting Plaintiff compensatory damages against

Defendants Huss, Carlson, and James for violating Plaintiff's Eighth

amendment rights secured by the UNITED STATES CONSTITUTION both Jointly

and severally in the amount in excess of $35,000.00

63). Granting Plaintiff Punitive damages against Defendants Huss, Carlson,

and James for violating Plaintiff's Eighth amendment rights secured by the

UNITED STATES CONSTITUTION both Jointly and severally in the amount in

(cont. on attachments)...

8/1/22

**Date**

**Signature of Plaintiff**

## NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

(Last Revised: January 2007)

American LegalNet, Inc.
www.FormsWorkflow.com

Relief continue.

excess of $16,500.00.

64).  Granting Plaintiff compensatory damages against Defendants Carlson, and
     James for violating Plaintiff's FIRST AMENDMENT RIGHTS secured by the
     UNITED STATES CONSTITUTION both Jøintly and severally in the amount of
     $35,000.00.

65).  Granting Plaintiff compensatory damages against Defendants Carlson, and
     James for violating Plaintiff's FIRST AMENDMENT RIGHTS secured by the
     UNITED STATES CONSTITUTION both Jointly and severally in the amount in
     excess of $16,500.00.

66).  Plaintiff's costs in this suit.

67)   A Jury trial on all issues triable by a Jury.

68).  any relief this court deems just proper and equitable on Plaintiff's
     behalf.

Dated: 8 / 1 / 2022,

                        (s) _____,
                             Jermaine Patten., #227914.,


                        VERIFICATION:

I, Jermaine Patten Pursuant to 28 U.S.C. section 1746 declare under the penalty
of perjury, that I have read the foregoing statements made in this complaint,
and declare that they are true and correct.

Dated: 8 / 1 2022.

                        (s) _____,
                             Jermaine Patten., #227914.,

Jermaine Patten 227914
Brooks Correctional Facility
2500 S. Sheridan Road
Muskegon, Mi 49444



U.S. District Court
B-35 Federal Building
410 W. Michigan Ave.
Kalamazoo, Mi 49007